IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE ZIVANIC, | Case No. 10-737 SC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 60(b) |
| v. | |
| WASHINGTON MUTUAL BANK, N.A.; ERIC DIPPEL; LISA DIPPEL; JPMORGAN CHASE BANK, N.A.; DEUTSCHE BANK NATIONAL TRUST COMPANY; QUALITY LOAN SERVICE CORPORATION; and DOES 1-50, inclusive, | |
| Defendants. | |

On February 26, 2010, Defendants JP Morgan Chase Bank, N.A., and Deutsche Bank National Trust Company (collectively, "Defendants") filed a motion to dismiss. ECF No. 4. On June 9, 2010, the Court issued a nineteen-page order granting in part and denying in part the motion to dismiss. ECF No. 20 ("June 9, 2010 Order"). The order concluded by stating that "Plaintiff Yvonne Zivanic shall submit an amended complaint within thirty (30) days from the date of this Order. Failure to do so will result in dismissal of her case in its entirety." Id. at 19. Plaintiff Yvonne Zivanic ("Plaintiff") failed to file an amended complaint within thirty days, or thereafter. On July 27, 2010, the Court dismissed Plaintiff's case. ECF No. 22 ("July 27, 2010 Order").

Presently before the Court is Plaintiff's Motion for Relief

Under Rule 60(b). ECF No. 24 ("Mot."). Plaintiff seeks to set aside the order dismissing her case. Id. Defendants opposed the motion. ECF No. 25 ("Opp'n"). For the reasons stated herein, the Court DENIES Plaintiff's Motion for Relief.

Under Federal Rule of Civil Procedure 60(b)(1), a district court may grant relief from a judgment or order on the grounds of "mistake, inadvertence, surprise, or excusable neglect." The determination of whether neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) ("Pioneer"). District courts consider: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing Pioneer, 507 U.S. at 395).

Here, Plaintiff's attorney admits that he was negligent in handling Plaintiff's case. Henrioulle Decl. ¶ 10.[1] He declares that he and other members of his office "have become overwhelmed by the pressure of the workload especially as the volume of foreclosures has increased during the past five or six months." Id. ¶ 6. He states that the pressure of other cases, including both foreclosure and family law cases, have delayed until now his effort to obtain relief under Rule 60(b)(1). Id. ¶ 8.

However, an attorney's press of business by itself is

---

[1] Stevan Henrioulle ("Henrioulle"), partner of the Law Office of Uy & Henrioulle, filed a declaration in support of the motion. ECF No. 24-2.

United States District Court
For the Northern District of California

generally no excuse.  See Pioneer, 507 U.S. at 396 ("In assessing the culpability of . . . counsel, we give little weight to the fact that counsel was experiencing upheaval in his law practice . . . .").  As a general rule, parties are bound by the actions of their attorneys, and attorney error or attorney malpractice does not constitute excusable neglect under Rule 60(b)(1).  Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004).

The Court's June 9, 2010 Order could not have been clearer in requiring an amended complaint to be filed within thirty days.  The error here was not a failure to appreciate the consequences of an ambiguous rule, but a failure to read the concluding lines of the Court's order explaining to Plaintiff and her counsel the next step to be taken as a result of the Court's ruling on Defendants' motion to dismiss.  The Court dismissed Plaintiff's case almost three weeks after her deadline to file an amended complaint expired.  While the negligence of Plaintiff's attorney may provide the basis for a malpractice action, it does not constitute excusable neglect.

Furthermore, Plaintiff's attorney waited for three months, until October 27, 2010, before filing the present motion to set aside the order dismissing Plaintiff's case.  The Court finds that Defendants would be prejudiced if the Court were to re-open a foreclosure case that was dismissed in July.  While there is no evidence of bad faith on Plaintiff's part, having considered the reasons for the delay, the danger of prejudice to Defendants, and the length of the delay, the Court DENIES Plaintiff Yvonne Zivanic's Motion for Relief Under Rule 60(b).

///

///

1    The Law Office of Uy & Henrioulle shall mail a copy of this
2 Order directly to Yvonne Zivanic, and file a Proof of Service with
3 the Court no later than five (5) days from the date of this Order.

5    IT IS SO ORDERED.

7    Dated: December 2, 2010



UNITED STATES DISTRICT JUDGE